UNITED STATES of America,
Plaintiff–Appellee

v.

Jose Luis HERNANDEZ–GONZALEZ,
Defendant–Appellant.

No. 11–40061
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 7, 2011.

Renata Ann Gowie, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender's Office, H. Michael Sokolow, Assistant Federal Public Defender, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before JOLLY, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM: *

Jose Luis Hernandez–Gonzalez (Hernandez) pleaded guilty of being found unlawfully in the United States and was sentenced at the bottom of the guidelines range to a 46–month term of imprisonment and to a two-year period of supervised release. Hernandez's guidelines offense level was increased by 16 levels because, prior to deportation, he was convicted in 2006 of a crime of violence, that is attempted sexual assault of a child.

Hernandez contends on appeal that the district court abused its discretion by imposing a substantively unreasonable sentence. He argues that a 46–month sentence is greater than necessary to effectuate the purposes of sentencing because the conduct underlying the state conviction was much less grave than other crimes of violence that result in imposition of the 16–level enhancement. Hernandez argues also that compelling family circumstances made him more deserving of leniency than the typical defendant convicted of violating 8 U.S.C. § 1326. He contends that the district court failed to consider adequately the changes in his behavior and other characteristics between the time of the state offense and the date on which he was sentenced in the instant case.

Sentences are reviewed by this court for substantive reasonableness under an abuse of discretion standard, taking into account the totality of the circumstances. *Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). This court must give due deference to the district court's application of the sentencing factors. *Id.* As Hernandez concedes, in this circuit, properly calculated within-guidelines sentences are presumed to be reasonable. *United States v. Campos–Maldonado,* 531 F.3d 337, 338 (5th Cir.2008).

The district court did not abuse its discretion in refusing to impose a below guidelines sentence. *See Gall,* 552 U.S. at 51, 128 S.Ct. 586. The facts underlying the state conviction are not as innocuous as Hernandez suggests, and Hernandez has not shown that the district court failed to account for a factor that should receive significant weight, that it gave significant

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

weight to an irrelevant or improper factor, or that its decision to sentence Hernandez at the bottom of the guidelines range represented a clear error of judgment in balancing the sentencing factors. *See United States v. Diaz*, 637 F.3d 592, 603 (5th Cir.2011), *petition for cert. filed* (U.S. July 2, 2011) (No. 11–5111). Hernandez merely disagrees with the district court's determination, which is an insufficient basis for reversal under *Gall*. *See* 552 U.S. at 51, 128 S.Ct. 586.

Hernandez reserves for possible further review his contention that the presumption of reasonableness should not apply to sentences calculated under U.S.S.G. § 2L1.2 because that Guideline lacks an empirical basis. Hernandez concedes that this issue is foreclosed. *See United States v. Mondragon–Santiago*, 564 F.3d 357, 367 (5th Cir.2009). The judgment is

AFFIRMED.